IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE TOLEFREE, #20161222078, <br><br>    Plaintiff, <br><br>vs. <br><br>ILLINOIS DEPARTMENT OF CORRECTIONS, WARDEN, LIEUTENANT BECH, LIEUTENANT VAUGHN, C/O WILSON, C/O JECKMAN, and JANE DOE, <br><br>    Defendants. | Case No. 17−cv−0741−MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Pierre Tolefree, an inmate with the Cook County Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that allegedly occurred during his time at Lawrence Correctional Center. In his Complaint, Plaintiff claims the defendants violated his constitutional right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: while Plaintiff was in a holding area preparing for a writ transfer from Lawrence to Stateville on April 5, 2017, Lt. Bech told him and the other inmates waiting there that they could not wear their sneakers on the transfer bus. (Doc. 1, p. 8). When inmates objected, Bech told them that their shoes would go to property, and that they would get state-issued shoes. *Id.* Plaintiff then told Bech that he would not be returning to Lawrence because his Mandatory Supervised Release date was April 11, 2017 and asked to keep his shoes. *Id.* Bech told Plaintiff that he could either hand over his shoes or go to segregation, to which Plaintiff replied by turning around and placing his hands behind his back. *Id.* Lieutenant Vaughn handcuffed Plaintiff's hands behind his back and told Wilson to

2

take Plaintiff to segregation. *Id.*

Instead of taking Plaintiff to segregation, Wilson grabbed him by the back strap of his jumpsuit and "hockey checked [Plaintiff] to the concrete wall head and face first, using excessive force." *Id.* Plaintiff had not acted disruptively in any way prior to this use of force. *Id.* Present in the hallway were lieutenants Bech and Vaughn, Wilson and another correctional officer, and other inmates, including an inmate Brown. *Id.* Wilson then tossed Plaintiff to another wall, and when the other officer opened the door to the segregation area, Wilson "body slammed [Plaintiff] face first to the floor." (Doc. 1, p. 9). Other officers then came to assist Wilson and proceeded to beat Plaintiff and pin him down with their knees as his shoes were pulled from his feet. *Id.* Plaintiff's hands were still cuffed behind his back during this time. *Id.* Plaintiff sustained injuries to his head, back, legs, and wrist. *Id.*

Wilson and other officers dragged Plaintiff to the shower because he was unable to walk. *Id.* The officers ripped his jumpsuit off, placed new handcuffs on Plaintiff very tightly, and forced the original handcuffs off of Plaintiff's wrists along with the rest of his clothes. *Id.* Plaintiff "screamed for mercy" while "other inmates laughed." *Id.* Plaintiff "fell to [his] face butt naked." *Id.* This fall injured Plaintiff's wrist, head, back, and legs. *Id.* Plaintiff cried for the nurse (Jane Doe), but when she came to see him and he told her that his whole body hurt and showed her his injuries, she claimed to see nothing wrong. *Id.* Jane Doe walked away, as Plaintiff pled with her to return and told her that he could not walk. *Id.* Plaintiff was then dragged to the bus and put into a cage, where he spent the entire three to four hour drive. *Id.*

Upon arrival at Lincoln Correctional Center, Plaintiff was unable to move, and his head, wrist, and back were swollen because he had not received care at Lawrence. *Id.* Plaintiff told the bus driver, Jeckman, what happened at Lawrence, and also informed him that he could not

walk on his own. *Id.*; *see also* (Doc. 1, p. 2). When Plaintiff did not get up when his name was called to leave the bus, Jeckman took two oval pills from his jacket and gave them to Plaintiff. *Id.* He told Plaintiff to take them and that they would make him feel better. *Id.* Bech was present for this and told Jeckman to make sure Plaintiff took the medicine before he got on Stateville's bus because Plaintiff would be searched at that point. *Id.*

Plaintiff held the pills in his hand, and Jeckman and his partner dragged Plaintiff off of the Lawrence bus to the Stateville bus. (Doc. 1, p.10). Plaintiff was handed off to a Stateville officer Purley, and he immediately explained to him what happened and gave a female lieutenant from Stateville the pills, which she placed in a brown paper towel. *Id.* Plaintiff was then taken off of the Stateville bus into Lincoln Correctional Center, where photographs were taken of his wounds. *Id.* Plaintiff later used the prisoner grievance procedure available at Stateville in an attempt to resolve his issues. *Id.* Plaintiff did not receive any of his property. *Id.*

Plaintiff seeks declaratory, monetary, and injunctive relief. (Doc. 1, p. 11).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

    **Count 1 –**     Wilson used excessive force against Plaintiff on April 5, 2017 in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

    **Count 2 –**     Bech and Vaughn failed to intervene when Wilson used excessive force against Plaintiff on April 5, 2017 in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

    **Count 3 –**     On April 5, 2017, Jane Doe (Nurse) showed deliberate indifference to Plaintiff's serious medical needs involving injuries sustained at the hands

of Wilson in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

**Count 4 –** Jeckman and Bech showed deliberate indifference to Plaintiff's serious medical needs involving injuries sustained at the hands of Wilson when they failed to seek appropriate medical care for Plaintiff while they were supervising Plaintiff's transfer, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

As discussed in more detail below, Counts 1 through 4 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1 – Excessive Force

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was *de minimis*, not whether the injury suffered was *de minimis*); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff has sufficiently alleged that Wilson assaulted him without justification. Count 1 will therefore proceed past threshold.

## Count 2 – Failure to Intervene

Plaintiff asserts that Bech and Vaughn merely stood by and watched Wilson and the other

officers involved during the events alleged in Count 1, and that they are equally as liable for his injuries due to their failure to intervene. The Seventh Circuit has examined this issue as it pertains to police officers who fail to intervene when a fellow officer exceeds his authority, stating that "'police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so' could be held liable under § 1983." *Fillmore v. Page*, 358 F.3d 496, 505-506 (7th Cir. 2004) (quoting *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000)). "This language merely reiterates the long-established rule that '[a]n official satisfies the personal responsibility requirement of § 1983 if she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights.'" *Fillmore*, 358 F.3d at 506 (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982) (emphasis added)).

Plaintiff has sufficiently alleged that Bech and Vaughn had an opportunity to step forward and prevent Wilson and the other officers from beating Plaintiff, but that they failed to do so. Count 2 shall therefore proceed against Bech and Vaughn.

### Count 3 – Jane Doe Deliberate Indifference

A prisoner raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even

6

recklessness; rather, it is satisfied only by conduct that approaches intentional wrongdoing, *i.e.*, "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Plaintiff has described sufficiently serious injuries that he sustained from the April 5, 2017 beating to meet the objective prong of the deliberate indifference test. Plaintiff also alleges that the nurse (Jane Doe) deliberately refused to treat any of his injuries, though they were visible, and he complained to her of pain he was experiencing. Count 3 will therefore proceed against Jane Doe.

### Counts 4 – Jeckman and Bech Deliberate Indifference

Plaintiff alleges that Jeckman provided Plaintiff with two pills Plaintiff refers to as Jeckman's "personal prescription." (Doc. 1, p. 9). Plaintiff also asserts that Jeckman told Plaintiff the pills would make him feel better and claims that Bech encouraged Jeckman to ensure Plaintiff took the pills. *Id.* Notably, Plaintiff specifically claims that he did not take the pills and instead handed them to another officer. (Doc. 1, p. 10). He does not allege that he sustained any specific harm as a result of Jeckman providing him the pills or Bech encouraging him to do so. Plaintiff does, however, allege that he told Jeckman about the beating he sustained and that he was unable to walk. (Doc. 1, p. 9). Jeckman does not appear to have sought medical care for Plaintiff, despite being informed of his medical situation.

Instead, Jeckman allegedly opted to provide Plaintiff with some form of medication that was not prescribed by a medical provider in lieu of seeking appropriate medical care for Plaintiff's injuries. Further, Bech, after witnessing the beating, encouraged Jeckman to take Plaintiff's medical needs into his own hands rather than assisting Plaintiff in getting adequate

medical care. At this early point in the case, the Court finds that Plaintiff has sufficiently alleged a deliberate indifference claim against both Jeckman and Bech under these facts.

Count 4 will therefore proceed past the threshold stage.

## **Injunctive Relief**

In his prayer for relief, Plaintiff requests "a preliminary and permanent injunction ordering defendants Wilson and others to cease their physical violence." (Doc. 1, p. 11). Plaintiff's request for a preliminary injunction shall be denied. He did not file a separate motion seeking any sort of immediate relief, such as a temporary restraining order or preliminary injunction, pursuant to Federal Rule of Civil Procedure 65. Further, upon review of the Complaint, the Court can find no basis for granting a preliminary injunction.

In order to obtain preliminary injunctive relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius,* 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999).

The pleading does not support Plaintiff's request for a preliminary injunction under this standard. According to the Complaint, the alleged constitutional violations occurred in April of 2017 and do not appear to be ongoing. Further, the requested relief, that Wilson and others cease their physical violence against others, is incredibly vague. Accordingly, the request for a preliminary injunction is hereby **DENIED** without prejudice.

The Court will save for another day, and a more complete record, the issue of whether

permanent injunctive relief is warranted. Lawrence's Warden shall remain as a defendant, in his or her official capacity only, so as to address any potential injunctive relief that is awarded. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

## **Excess Defendants**

The Court finds it appropriate to address Plaintiff's failure to include specific allegations against Defendants Warden and the Illinois Department of Corrections ("IDOC") in the body of his Complaint, despite his having listed them among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Plaintiff has not alleged that Lawrence's Warden is "personally responsible for the deprivation of a constitutional right," and a defendant cannot be liable merely because he supervised a person who caused a constitutional violation. *Id.* Further, IDOC is not an appropriate defendant in this case because it, as a state agency, is not a "person" that may be sued under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of section 1983 ...." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989))).

Accordingly, Warden, in his or her individual capacity, will be dismissed from this action without prejudice, and IDOC will be dismissed with prejudice.

**Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed with Count 3 against Jane Doe. However, this defendant must be identified with particularity before service of the Complaint can be made on her. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Plaintiff has named the Warden as a defendant.[1] As noted above, Lawrence's Warden, in his or her official capacity only, will remain in this action for the time being to carry out any injunctive relief ordered. He or she will also be responsible for responding to discovery (formal or otherwise) aimed at identifying the unknown defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of Jane Doe is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

**Pending Motions**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is hereby **REFERRED** to United States Magistrate Judge Stephen C. Williams for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **WILSON**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **BECH** and

---

[1] It appears that Plaintiff intended for this defendant to be the Warden of Lawrence, as is indicated in the party's description on CM-ECF.

**VAUGHN**.

**IT IS FURTHER ORDERED** that **COUNT 3** shall **PROCEED** against **JANE DOE**.

**IT IS FURTHER ORDERED** that **COUNT 4** shall **PROCEED** against **BECH** and **JECKMAN**.

**IT IS FURTHER ORDERED** that the **ILLINOIS DEPARTMENT OF CORRECTIONS** is **DISMISSED** from this action with prejudice, and **WARDEN** (individual capacity only) is **DISMISSED** from this action without prejudice.

With respect to **COUNTS 1** through **4**, the Clerk of the Court shall prepare for defendants **WILSON**, **BECH**, **VAUGHN**, **JECKMAN**, **WARDEN** (official capacity only), and **JANE DOE** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on **JANE DOE** until such time as Plaintiff has identified her by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to **United States Magistrate Judge Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: September 20, 2017**

s/ MICHAEL J. REAGAN

**Chief Judge**
**United States District Court**